Entered on Docket
March 26, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed: March 25, 2010

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 09-72313 TG
                                         Chapter 13
LEE M. JENSEN,                           R.S. No. CJR-656

       Debtor.
_____/

**MEMORANDUM RE MOTION FOR RELIEF FROM STAY**

    The motion for relief from the automatic stay filed by the Bank of New York Mellon, etc., as Trustee, came before the Court on March 19, 2010. The moving party appeared through counsel. The debtor appeared pro se in opposition to the motion.

    The debtor did not dispute that he was in default on the loan upon which the motion was based. He challenged the motion on two grounds. First, he contended that the moving party had failed to prove its standing to bring the motion. He noted that he had obtained the loan in question from Greenpoint Mortgage Funding, Inc., not from the moving party. The Court overruled this objection at the hearing. A copy of the assignment of the note and deed of trust from Greenpoint to the Bank of New York was filed as part of the motion.

The Court was satisfied that this established the moving party's standing.

The debtor also contended that his signature on the note and deed of trust was forged. He admitted obtaining the loan but denied ever signing either of these documents. The Court expressed skepticism that an institutional lender such as Greenpoint would make a loan of this nature without requiring a note and deed of trust to be signed by the borrower. However, the Court agreed to review the underlying documents with this contention in mind.

The Court has done so and has compared the signature on the note and deed of trust to the signature on the debtor's bankruptcy petition. The signatures appear to be from the same hand. However, the Court is not making a ruling on the authenticity of the signature. The Court merely concludes that relief from stay should be granted. The debtor is free to challenge the authenticity of the signatures in state court.

Counsel for the Bank of New York is hereby directed to submit a proposed form of order granting relief from the automatic stay.

END OF DOCUMENT

COURT SERVICE LIST

Lee M Jensen
15 Harbor View Dr.
Richmond, CA 94804

Casper J. Rankin
Pite Duncan, LLP
4375 Jutland Drive, Ste. 200
P.O. Box 17933
San Diego, CA 92177-0933